UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Henry DeSouza,                                             Civil No. 11-1270  JRT/AJB

                    Plaintiff,

v.                                                         **REPORT AND RECOMMENDATION
                                                           ON MOTION TO DISMISS BY DEFENDANT
Bank of America, Mortgage Electronic                       PETERSON, FRAM, & BERGMAN, P.A.**
Registration Systems, Inc., IndyMac Bank,
and Peterson, Fram, & Bergman, P.A.,

                    Defendants.


     Henry DeSouza, 7325 Scot Terrace, Eden Prairie, MN 55346, pro se plaintiff;

     Andre T. Hanson, Esq., for defendants Bank of America and Mortgage Electronic Registration Systems, Inc.; and

     Jared M. Goerlitz, Esq., for defendant Peterson, Fram, & Bergman, P.A.


       This action is before the court, Chief Magistrate Judge Arthur J. Boylan, on Motion to Dismiss by defendant Peterson, Fram, & Bergman, P.A.  [Docket No. 13].  Hearing on the motion was held on September 12, 2011, at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.  The case has been referred to the magistrate judge for report and recommendation under 28 U.S.C. §636(b)(1).  It is the court's determination herein that defendant Peterson, Fram, & Bergman, P.A.'s motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted.

**Pleadings and Claims**

       Plaintiff Henri DeSouza delivered a summons and complaint to the defendants in

this matter on April 15, 2011.[1]  The matter was venued in Hennepin County District Court.  The complaint alleged a breach of contract claim and a claim for violation of the federal Truth in Lending Act, 15 U.S.C. § 1601 et seq.  The claims relate to mortgage interest rate disclosures and threatened foreclosure proceedings.  Defendant Peterson, Fram, & Bergman, P.A. ("PFB") is a law firm that represented co-defendant Bank of America in the underlying foreclosure proceedings.  PFB removed the case to federal district court on May 16, 2011, asserting federal question jurisdiction, and PFB now moves to dismiss plaintiff's claims for failure to state a claim for which relief can be granted.  Apart from the caption, the complaint makes no express mention of PFB, and the text of the complaint makes no explicit reference to the actions of any attorneys involved in the foreclosure matter as providing a basis for claims in this case, or in any other context.  PFB contends that the complaint fails to set forth sufficient information to satisfy pleading requirements, and in any event, an attorney or law firm is not liable for the actions of a client simply as a result of their professional relationship.  Plaintiff Henri DeSouza did not submit a written response to the motion to dismiss and at the hearing he did not offer any additional facts or legal argument in opposition to the motion to dismiss.

**Standard of Review**

A complaint that is being challenged on motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) does not need to contain detailed factual allegations to survive the motion, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009)

---

[1] Peterson, Fram, & Bergman, PA. does not acknowledge that service of process was proper or effective and does not waive a personal jurisdiction defense.  Notice of Removal [Docket No. 1].

(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  A complaint must contain sufficient facts to state a claim that is not merely conceivable, but rather, is plausible.  Twombly, 127 S.Ct. at 1974.  When reviewing a motion to dismiss, the claim must be liberally construed, assuming the facts alleged therein to be true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 127 S.Ct. at 1964-65.  A complaint should not be dismissed simply because a court is doubtful that the plaintiff will be able to prove all of the factual allegations contained therein.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss even where the likelihood of recovery appears remote.  Id. at 1965.  However, a plaintiff cannot rely upon general and conclusory allegations to survive a Rule 12(b)(6) motion.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Also, on a motion to dismiss for failure to state a claim, the court may consider extraneous materials that are outside the complaint if such materials are "necessarily embraced" by the pleadings.  Piper Jaffray v. Nat'l Union Fire Insur. Co., 967 F.Supp. 1148, 1152 (D. Minn. 1997) (citing Vizenor v. Babbitt, 927 F.Supp. 1193, 1198 (D. Minn. 1996)).  See also Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 n.9 (8th Cir. 1997).  Materials which are necessarily embraced by pleadings may include copies of underlying pleadings and documents incorporated by reference.  Piper Jaffray, 967 F. Supp at 1152.  In addition, materials which are public record may be considered in deciding a motion to dismiss.  E.E.O.C. v. Am. Home Prod., Corp., 199 F.R.D. 620, 627 (N.D. Iowa 2001) (citing Missouri ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1107 (8th Cir. 1999)).  On the other hand, "written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleading," may be construed as "matters outside the pleadings," requiring

treatment of the motion as one for summary judgment. <u>Hamm v. Rhone-Poulenc Rorer Pharm., Inc.</u>, 187 F.3d 941, 948 (8th Cir. 1999).

**<u>Discussion</u>**

Examination of the complaint and all other documents contained in the record in this matter fails to reveal any facts whatsoever to support plaintiff's claims against PFB for breach of contract or violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., or any other cause of action. The initial pleadings provide no indication that the defendant law firm was involved in the underlying foreclosure proceedings, and PFB's relationship to parties in this lawsuit is wholly unexplained. Indeed, were it not for information provided by PFB in its Notice of Removal,[2] the firm's role in this matter would remain a mystery. Under these circumstances there are no pleading inferences to which the plaintiff may be entitled to enjoy the benefits, and the complaint clearly fails to meet plausibility standards under <u>Iqbal</u> and <u>Twombly</u>. Plaintiff Henri DeSouza's complaint in this action fails to state a claim upon which relief can be granted against defendant Peterson, Fram, & Bergman, P.A. and dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate.

## RECOMMENDATION

Based upon the foregoing discussion and conclusions, the magistrate judge **recommends** that defendant Peterson, Fram, & Bergman, PA's Motion to Dismiss [Docket No. 13] be **granted** and that Peterson, Fram, & Bergman, PA. be **dismissed** with prejudice from this case.

---

[2] [Docket No. 1].

Dated:  September 13, 2011

    s/ Arthur J. Boylan
Arthur J. Boylan
United States Chief Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 28, 2011.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.